**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **GLEN A. RILEY, an individual** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-CV-223-TCK-FHM |
| ) | |
| **PACIFICARE OF OKLAHOMA, INC.,** ) | |
| **an Oklahoma Corporation; and** ) | |
| **BLUE CROSS BLUE SHIELD OF** ) | |
| **SOUTH CAROLINA, a South** ) | |
| **Carolina Corporation,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

**O R D E R**

Before the Court is Plaintiff's Motion to Remand (Dkt. No. 25). Responding to the Motion are Defendant Pacificare of Oklahoma, Inc. ("PacifiCare") and Defendant Blue Cross and Blue Shield of South Carolina ("BCBS"). Pacificare and BCBS are referred to collectively as Defendants. Plaintiff did not file reply briefs to Defendants' responses. Also before the Court are Defendants' Motions to Dismiss (Dkt. Nos. 13 and 15). Plaintiff responded to these Motions and Defendants in turn replied.

    **I.**    **Procedural History and Factual Background**

This case was in initially filed in the District Court for Tulsa County, State of Oklahoma. PacifiCare removed, asserting the Court has federal question jurisdiction under 28 U.S.C. § 1331 because the action is governed by the Employment Retirement Security Act ("ERISA"). BCBS joins in the removal. Plaintiff moves to remand, claiming his state law claims do not relate to a qualified employee welfare benefit plan under ERISA and are therefore not preempted. Defendants

also move to dismiss, on the same premise as they removed, specifically that Plaintiff's state law claims are preempted.

Plaintiff was employed with Crow Brothers Auto Center, LLC ("Crow Brothers") from April 2000 to September 19, 2002. Plaintiff was enrolled as an insured under PacifiCare, on or about October of 2000. In August of 2002, Plaintiff obtained prior-authorization for a hip replacement to be performed in October of 2002. Plaintiff maintains that BCBS was supposed to "handle" Plaintiff's post-termination insurance coverage, but that "[a]ll of Plaintiff's healthcare providers that were pre-authorized by PacifiCare remain unpaid." (Pl.'s Amended Pet. ¶¶ 9,10,11.) Based on this set of facts, Plaintiff alleges the following state law claims: breach of contract, bad faith failure to pay claim of insured, intentional infliction of emotional distress, breach of duty of good faith and fair dealing, and negligence *per se* via violation of Oklahoma insurance statutes.

**II.      Applicable Law on Motion to Remand**

An "employee welfare benefit plan" under ERISA consists of five elements: (1) a plan, fund or program (2) established or maintained (3) by an employer (4) for the purpose of providing health care or disability benefits (5) to participants or their beneficiaries. *Gaylor v. John Hancock Mut. Life Ins. Co.*, 112 F.3d 460, 464 (10th Cir.1997).

To address the requirement that a plan be "established or maintained", the Secretary of Labor promulgated a "safe harbor" provision, 29 C.F.R. §2510.3-1(j), describing when (and to what extent) an employer may be involved with an employee welfare benefit program without being deemed to have "established or maintained" it. *Johnson v. Watts Regulator Co.*, 63 F.3d 1129, 1133 (1st Cir.1995). The regulation provides in relevant part that an "employee welfare benefit plan" shall not include programs in which (1) no contribution is made by the employer; (2) participation in the

program is completely voluntary for the employees; (3) the sole functions of the employer are to permit the insurer to publicize the program to employees and to collect premiums through payroll deductions; and (4) the employer receives no consideration in connection with the program. *Gaylor*, 112 F.3d at 463. A program that satisfies the regulation's standards will be deemed not to have been "established or maintained" by the employer. The converse, however, is not necessarily true; a program that fails to satisfy the regulation's standards is not automatically deemed to have been "established or maintained" by the employer, but rather is subject to further evaluation under the conventional tests. *Johnson*, 63 F.3d at 1133; *Gaylor*, 112 F.3d at 463.

Removal statutes are to be strictly construed and all doubts to be resolved against removal. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982). There is a presumption against removal jurisdiction. *Laughlin v. Kmart*, 50 F.3d 871, 873 (10th Cir.1995). Defendants bear the burden of demonstrating that the policy at issue fails to meet at least one of the criteria of the safe harbor regulation and whether removal is otherwise proper under ERISA. *See Letner v. UNUM Life Ins. Co.*, 203 F. Supp. 2d 1291,1300 (N.D. Fla. 2001). *See also Marcella v. Capital District Physicians Health Plan, Inc.*, 293 F.3d 42, 45-46 (2nd Cir. 2002) (discussing removal jurisdiction and ERISA preemption and concluding that burden is on defendant to establish propriety of removal). For the reasons explained below, the Court finds Defendants have met their burden to demonstrate that the safe harbor provision does not apply and further finds Defendants have demonstrated that the plan was "established or maintained" by the employer under the conventional tests.

### III. Application of Law on Motion to Remand

Turning to the four criteria listed in the regulation, it is undisputed that Plaintiff's employer

paid at least half of the monthly premiums for its employees' healthcare coverage.[1] (Def. PacifiCare's Resp. to Pl.'s Mot. to Remand p. 8). Thus, Defendants have met their burden as to one of the criteria of the safe harbor provision. However, as previously stated, this does not end the Court's inquiry. The Court must go further to determine whether the plan was "established or maintained" by the employer under the conventional analysis of these elements.[2]

The general test for determining whether an employer can meet the "established or maintained" requirement focuses on "whether the plan is part of an employment relationship by looking at the degree of participation by the employer in the establishment or maintenance of the plan." *Peckham*, 964 F.2d at 1049. Also important is whether the employer's purchase of the policy is an expressed intention by the employer to provide benefits on a regular and long-term basis. *Sipma v. Massachusetts Cas. Ins. Co.*, 256 F.3d 1006, 1012 (10th Cir.2001). Plaintiff maintains his employer's participation was minimal, claiming his employer "merely arranged to make health insurance coverage available at a group rate to those employees electing to contribute thereto." (Pl.'s Mot. to Remand p. 8.) Thus, Defendants are further challenged to show that Plaintiff's employer "established or maintained" the healthcare plan offered to Plaintiff.

While an employer's mere purchase of insurance for its employees does not, without more, constitute an ERISA plan, it is substantial evidence that a plan has been established. *Sipma,* 256

---

[1] "An employer need not pay all premiums to show it contributed to the premium payments. Rather, if an employer pays at least some of its employees' premiums, it has 'contributed' to the cost of insurance." *Postma v. Paul Revere Ins. Co.*, Case No. 95-C-6575, 1998 WL 641335, at *4 (N.D. Ill. September 10, 1998); *Hrabe v. Paul Revere Life Ins. Co.*, 951 F. Supp. 997, 1000-22 (M.D. Ala.1996)("Since [the employer] paid no part of the employees' premiums, the court finds that [the employer] did not make a contribution").

[2] An analysis of the remaining factors used to evaluate whether the safe harbor exclusion applies would ordinarily be of additional assistance in determining whether the employer established and maintained an employee welfare benefit plan. However, the parties offered neither argument on nor evidence of these additional factors. The Court therefore has nothing further to evaluate in that realm.

4

F.3d at 1012.  Here, the employer did much more than simply purchase insurance for its employees.  In addition to the contributions made by the employer to the employees' premiums, Defendants show that the employer selected the plan to offer it as part of a benefit package to its employees and entered into a contract with PacifiCare for that purpose.  Further, pursuant to its agreement with PacifiCare to arrange for the provision of healthcare services for employees, the employer negotiated and obtained group premiums for its employees; agreed to gather and submit eligible employees' application and enrollment forms; determined what contributions would be required by its employee and withheld those amounts and remitted the premium due to the plan providers; provided prospective subscribing employees with information about enrollment rules; notified PacifiCare of termination or changes to enrollment by individual employees; and complied with various other ongoing administrative obligations.

The Court concludes that employer's conduct constitutes "establishing or maintaining" an ERISA plan. *See, e.g., Sipma,* 256 F.3d at 1013 (employer who paid the premiums for the insurance benefit, and who purchased the insurance for its group of employees, while contracting with the insurer for that purpose, was held to have to sufficiently "established and maintained" an ERISA-governed employee welfare benefit plan); *Randol v. MidWestern Nat. Life Ins. Co. of Tennessee,* 987 F.2d 1547 (11th Cir. 1993) (employer that established a system for withholding a portion of the premiums from its employees' wages, that paid them directly to the carrier, and that contributed $75 per employee each month toward the monthly premium, for the purpose of helping its employees obtain health insurance coverage, had sufficiently "established or maintained" a qualified employee welfare benefit plan that was governed by ERISA); *Preber v. Provident Life & Accident Ins. Co.*, 93 F. Supp. 2d  (S.D. Ind. 2000) (employer who entered into agreement with insurance company for

5

a group insurance policy for its employees, who negotiated and obtained a discount on the premiums for the policy, who paid a portion of those premiums itself, who received the premium notices from the carrier and then withheld the balance of the premium due from the employee's paycheck before remitting the premium payment to the insurance carrier, had "established and maintained" an ERISA governed employee welfare benefit plan). Therefore, ERISA applies to Plaintiff's healthcare insurance plan. Consequently, Plaintiff's state law claims are preempted. *See Sipma*, 256 F.3d at 1013.

### IV.     Motion to Dismiss

State law claims preempted by ERISA ordinarily should be recharacterized as federal claims rather than dismissed. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987). The Court will permit Plaintiff to file an Amended Complaint no later than May 1, 2006, if he so chooses, setting forth his claims for relief under ERISA.

### V.      Conclusion

It is the Order of the Court that the Plaintiff's Motion to Remand (Docket No. 25) is hereby DENIED. Defendants' Motions to Dismiss (Dkt. Nos. 13 and 15) are DENIED. Plaintiff shall file an Amended Complaint no later that May 1, 2006, if he so chooses. Should Plaintiff not file such an Amended Complaint, Defendants are directed to file a joint proposed order to accompany their Motions to Dismiss.

**ORDERED this 16th day of MARCH, 2006.**

*/s/ Terence Kern*

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**