# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| GLEN A. RILEY, an individual | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-CV-223-TCK-FHM |
| | ) | |
| PACIFICARE OF OKLAHOMA, INC., | ) | |
| an Oklahoma Corporation et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court are Defendant Sonic Automotive Inc.'s ("Sonic") Motion to Strike Plaintiff's Response to Defendant's Motion to Dismiss (Dkt. No. 63) and Sonic's Motion for Extension of Time to File Reply Brief to Plaintiff's Response to Sonic's Motion to Dismiss (Dkt. No. 64).

On August 14, 2006, Sonic filed its Motion to Dismiss (Dkt. No. 54). Plaintiff's response was therefore due by September 1, 2006 pursuant to LCvR 7.2(e). Because Plaintiff failed to file a response brief, Sonic filed a Motion for Confession of Judgment on September 26, 2006 (Dkt. No. 58). On September 28, 2006, the Court issued an Order, granting Plaintiff an additional eleven days, or until October 10, 2006, to file his response brief (Dkt. No. 60). Also in the Court's Order of September 28, 2006 was a warning to Plaintiff that "[f]ailure to so respond [to Defendant's Motion to Dismiss] will result in Defendant's Motion being deemed confessed." Thereafter, on October 11, 2006, Plaintiff filed his response brief (Dkt. No. 61). Plaintiff later sought to amend his response brief, however, as he filed "Amended and Corrected" version of his response brief at 4:10 pm on October 11, 2006. In addition to attaching exhibits which were referenced in Plaintiff's

original response, filed earlier on October 11, 2006, the "Amended and Corrected" brief also included new arguments and exhibits, not previously included in Plaintiff's response brief.

Plaintiff argues that the Court should accept the "Amended and Corrected" response brief because the original response was filed by mistake and was not the "final" draft of the brief. The Court finds Plaintiff's argument misplaced. For one, Plaintiff's excuse for his untimely filing is curious. Had the "final" draft of the response brief truly existed, Plaintiff's counsel should have become aware of the faulty filing earlier than 4:10 pm the next afternoon. Indeed, the Court tends to agree with Defendant's hypothesis that "Plaintiff's first filing was simply made in order to give Plaintiff the opportunity to finish his brief and attempt to 'amend' it." Def.'s Mot. to Strike at p. 3.

Whatever the reason for the late filing, Plaintiff was given more than enough time to file a complete and timely response brief, as Defendant's Motion to Dismiss was filed on August 14, 2006. Plaintiff entirely missed the original response brief deadline, and did so without any request to the Court for more time. Despite the Court's warning thereafter, that "[f]ailure to . . . respond [to Defendant's Motion to Dismiss by October 10, 2006] will result in Defendant's Motion being deemed confessed," Plaintiff then failed to file his response by October 10, 2006.

Accordingly, the Court GRANTS Defendant's Motion to Strike  Plaintiff's "Amended and Corrected" Response (Dkt. No. 63) and further deems Defendant's Motion to Dismiss (Dkt. No. 54) confessed pursuant to LCvR7.2(f). Plaintiff's Complaint is therefore dismissed without prejudice. *See Bexley v. Dillon Cos., Inc.*, 2006 WL 650236 n. 1 (D. Colo. 2006) ("A dismissal for lack of subject matter jurisdiction, which includes failure to exhaust, should be without prejudice.") (citing *Strzier v. Potter*, 2003 WL 21783813 at * 1 (10th Cir. 2003)). Given the dismissal of Plaintiff's Complaint, Defendant's Motion for Extension of Time to File Reply brief to Plaintiff's Response

2

to Sonic's Motion to Dismiss (Dkt. No. 64) is deemed MOOT.  This is the final Order, terminating this matter.

**ORDERED this 24th day of OCTOBER, 2006.**

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**

3